-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

EDWIN PARRA, 98A0814,

Plaintiff,

-v-

**DECISION and ORDER**
11-CV-6270Fe

DR. LESTER WRIGHT, CHIEF M.D.;
DR/NP BEN OAKES, Southport C.F.;
DR. CANEFIELD, Southport C.F.;
JON VONHAGN, Nurse Administrator;
DIRECTOR OF HEALTH SERVICES, Southport;
K. WEAVER, RN, Southport C.F.;
D. WEED, RN, Southport C.F.;
MR. CLEMENT, Nurse, Southport C.F.;
DIR. OF HEALTH SERVICES, Lakeview C.F.;
N.P. OBERTEAN, Wende C.F.;
DIR. OF HEALTH SERVICES LEVITT, Wende C.F.;
SUSAN POST, Wende C.F.; and
L.WILCOX, NP, Lakeview C.F.,

Defendants.



## INTRODUCTION

Plaintiff has requested permission to proceed *in forma pauperis* pursuant to 28

U.S.C. § 1915(a) and by Order dated June 17, 2011, was directed to either file additional

information in support of the request or pay the filing fee (Docket No. 4).  Plaintiff timely

filed the requested additional information (Docket No. 5).  Based on the additional

information, the Court finds that plaintiff has met the statutory requirements.  Accordingly,

plaintiff's request to proceed as a poor person is hereby granted.

Plaintiff's complaint has been reviewed by the Court with respect to the 28 U.S.C.

§§ 1915(e)(2) and 1915A criteria.  Plaintiff alleges, pursuant to 42 U.S.C. § 1983, that the

defendants were deliberately indifferent to his serious medical needs by failing to provide adequate treatment when he was incarcerated at several prisons including Southport, Wende, and Lakeview Correctional Facilities. Plaintiff states that he suffers from chronic back pain, and at times has had his pain medications and physical therapy discontinued, his back brace confiscated, and has been denied a bottom bunk. Plaintiff also alleges that the defendants violated the Americans with Disability Act and § 504 of the Rehabilitation Act.

For the reasons discussed below, plaintiff will be given an opportunity to file an amended complaint. If plaintiff does not file an amended complaint as directed below, plaintiff's § 1983 claims against Wright; Vonhagn; Director of Health Services Southport; Oakes; Canefield; Weaver; Clement; Director of Health Services Lakeview; Director of Health Services Levitt; Post; and Wilcox will be dismissed, and § 1983 claims against only Weed and Obertean will proceed forward.

Further, in regard to plaintiff's ADA and Rehabilitation Act claims, if plaintiff does not file an amended complaint as directed below, the Court will allow the ADA and Rehabilitation Act claims to proceed solely against defendant Wright in his official capacity and will dismiss ADA and Rehabilitation Act claims against all remaining defendants entirely.

Plaintiff has filed a motion to amend the complaint (Docket No. 6) which based on this Order is denied as moot. Further, the reasons discussed below, plaintiff's motion for appointment of counsel (Docket No. 3) is denied.

2

## DISCUSSION

Plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and filed an Authorization with respect to this action.  Therefore, plaintiff is granted permission to proceed *in forma pauperis*.  Sections 1915(e)(2)(B) and 1915A(a) of 28 U.S.C. require the Court to conduct an initial screening of this complaint.  The Court shall dismiss a complaint if the action (I) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b); *see also Abbas v. Dixon,* 480 F.3d 636 (2d Cir. 2007).

In evaluating the complaint, the Court must accept as true all of the factual allegations and must draw all inferences in plaintiff's favor.  *See Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003) (per curiam); *King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999).  "Specific facts are not necessary," and the plaintiff "need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'"  *Erickson, v. Pardus,* 551 U.S. 89, 93, 127 S.Ct. 2197, 2200 (2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964 (2007) (internal quotation marks and citation omitted); *see also Boykin v. Keycorp*, 521 F.3d 202, 213 (2d Cir 2008) (discussing pleading standard in *pro se* cases after *Twombly*).  "A document filed *pro se* is to be liberally construed, ..., and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  *Erikson,* 551 U.S. at 94, 127 S.Ct. at 2200 (internal quotation marks and citations omitted).

3

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. "To state a valid claim under 42 U.S.C. § 1983, the plaintiff must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Whalen v. County of Fulton*, 126 F.3d 400, 405 (2d Cir. 1997) (citing *Eagleston v. Guido*, 41 F.3d 865, 875-76 (2d Cir.1994)).

Plaintiff also alleges that he is bringing claims under the Americans with Disabilities Act and the Rehabilitation Act.

## INDIVIDUAL DEFENDANTS

### § 1983 ACTION - PERSONAL INVOLVEMENT

Plaintiff names thirteen defendants, but except for defendants Weed and Obertean, provides minimal or no allegations of personal involvement of the defendants. Plaintiff's § 1983 claims against all defendants, except Weed and Obertean, are therefore subject to dismissal. Plaintiff will, however, be given an opportunity to amend his complaint to include allegations of personal involvement regarding the remaining defendants.

A prerequisite for liability under a § 1983 claim is "personal involvement" by the defendants in the alleged constitutional deprivation. *Spencer v. Doe*, 139 F.3d 107, 112 (2d Cir. 1998).

> A defendant may be "personally involved" in causing a constitutional deprivation if: (1) defendant participated directly in the alleged infraction; or (2) acting in a supervisory capacity, defendant (a) failed to remedy a continuing or egregious wrong after learning of a violation, (b) created a policy or custom under which the unconstitutional practices occurred or allowed such policy or custom to continue, or (c)was "grossly negligent" in managing subordinates who actually caused the constitutional deprivation.

4

*Candelaria v. Coughlin*, 787 F.Supp. 368, 372 (S.D.N.Y. 1992) (citing *Williams v. Smith*, 781 F.2d 319, 323-24 (2d Cir. 1986)). *See also Colon v. Coughlin*, 58 F.3d 865, 874 (2d Cir. 1995) ("The bare fact that [the defendant] occupies a high position in the New York prison hierarchy is insufficient to sustain [plaintiff's] claim").

Plaintiff is further advised that supervisory defendants are not personally involved for purposes of § 1983 liability based solely on a failure to respond to letters sent by plaintiff. "Generally, the allegation that a supervisory official ignored a prisoner's letter protesting unconstitutional conduct is not itself sufficient to allege the personal involvement of the official so as to create liability under § 1983." *Gayle v. Lucas*, No. 97 Civ. 0883(MGC), 1998 WL 148416, at *4 (S.D.N.Y. March 30, 1998). *Cf. Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995) (plaintiff's allegation that the superintendent of a correctional facility did not respond to his letter of his complaint did not raise a triable issue of fact where the contents of the letter were not specified); *Davis v. City of New York*, No. 00CIV4309 SAS, 2000 WL 1877045, at *9 (S.D.N.Y. Dec. 27, 2000) (finding no personal involvement where supervisory official ignored letter of protest and had no other involvement in the alleged constitutional deprivation); *Richardson v. Coughlin*, 101 F. Supp.2d 127, 132-133 (W.D.N.Y. 2000) (granting summary judgment to supervisory official on ground that no personal involvement in constitutional violation shown where defendant merely ignored prisoner's letter of complaint); and *Pritchett v. Artuz*, No. 99 Civ. 3957(SAS), 2000 WL 4157, at *6 (S.D.N.Y. Jan. 3, 2000) (finding no personal involvement and thus no § 1983 liability where supervisory official ignored prisoner's letter of complaint).

Plaintiff will be given an opportunity to file an amended complaint. In his amended complaint, plaintiff is directed to provide allegations regarding the personal involvement of each named defendant for his § 1983 claim. In the facts section of his amended complaint, plaintiff should allege what each defendant did or did not do and when the events occurred. Plaintiff may also add to his amended complaint the allegations he attempted to present in his motion to amend the complaint. If plaintiff does not file an amended complaint, § 1983 claims against defendants Wright; Vonhagn; Director of Health Services Southport; Oakes; Canefield; Weaver; Clement; Director of Health Services Lakeview; Director of Health Services Levitt; Post; and Wilcox will be dismissed, and § 1983 claims against only Weed and Obertean will proceed.

## ADA AND REHABILITATION ACT CLAIMS

Plaintiff states that he is bringing claims based on the ADA and the Rehabilitation Act against the defendants. Contrary to claims brought under 42 U.S.C. § 1983, claims under the ADA and the Rehabilitation Act cannot be brought against state employees in their individual capacities. *See Garcia v. S.U.N.Y. Health Sciences Ctr. of Brooklyn*, 280 F.3d 98, 107 (2d Cir.2001). The proper party to sue under the ADA or the Rehabilitation Act is the public entity responsible for the acts, or a public official acting in his official capacity. *Butterfield v. New York State,* No. 96Civ.5144(BDP)LMS, 1998 WL 401533 (S.D.N.Y. July 15, 1998).

Plaintiff will be given an opportunity to amend his complaint to name proper parties, namely the public entity responsible for the acts, or a public official acting in his official capacity, to support claims under the ADA and Rehabilitation Act. If plaintiff does not file an amended complaint that addresses this issue, the Court will allow the ADA and

6

Rehabilitation Act claims to proceed solely against defendant Wright in his official capacity and will dismiss ADA and Rehabilitation Act claims against all remaining defendants.

## APPOINTMENT OF COUNSEL

Plaintiff has filed a motion for appointment of counsel (Docket No. 3). There is insufficient information before the Court at this time to make the necessary assessment of plaintiff's claims under the standards promulgated by *Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997), and *Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986), as issue has yet to be joined. Therefore, plaintiff's motion for appointment of counsel is denied without prejudice at this time. It is the plaintiff's responsibility to retain an attorney or press forward with this lawsuit *pro se*. 28 U.S.C. § 1654.

## CONCLUSION

Because plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and filed an Authorization, his request to proceed *in forma pauperis* is granted.

For the reasons set forth above, plaintiff's § 1983 claims against Wright; Vonhagn; Director of Health Services Southport; Oakes; Canefield; Weaver; Clement; Director of Health Services Lakeview; Director of Health Services Levitt; Post; and Wilcox are subject to dismissal. Further, for the reasons stated above, ADA and Rehabilitation Act claims against all defendants except defendant Wright in his official capacity are subject to dismissal.

Plaintiff will be given an opportunity to file an amended complaint, as directed above by **September 16, 2011**, in which he includes the necessary allegations regarding his claims and in a manner that complies with Rules 8 and 10 of the Federal Rules of Civil

7

Procedure. Plaintiff is advised that an amended complaint is intended to **completely replace** the prior complaint in the action. "It is well established that an amended complaint ordinarily supersedes the original and renders it of no legal effect." *Arce v. Walker*, 139 F.3d 329, 332 n. 4 (2d Cir. 1998) (quoting *International Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977)); *see also Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994). Therefore, plaintiff's amended complaint must include all of the allegations against each of the defendants regarding the claims he seeks to raise in this amended complaint, so that the amended complaint may stand alone as the sole complaint in this action which the defendants must answer.

Plaintiff is forewarned that if he fails to file an amended complaint as directed above by **September 16, 2011**, § 1983 claims against defendants Wright; Vonhagn; Director of Health Services Southport; Oakes; Canefield; Weaver; Clement; Director of Health Services Lakeview; Director of Health Services Levitt; Post; and Wilcox will be dismissed, and § 1983 claims against only Weed and Obertean will proceed forward. Further, if plaintiff does not file an amended complaint as directed, the ADA and Rehabilitation Act claims will proceed solely against defendant Wright in his official capacity and will be dismissed against all other defendants.

Further, for the reasons discussed above, plaintiff's motion to amend his complaint is denied as moot and his motion for appointment of counsel is denied.

## ORDERS

IT HEREBY IS ORDERED, that plaintiff's motion to proceed *in forma pauperis* (Docket No. 2) is granted;

8

FURTHER, that plaintiff is granted leave to file an amended complaint as directed above by **September 9, 2011;**

FURTHER, that the Clerk of the Court is directed to send to plaintiff with this order a copy of the original complaint, a blank § 1983 complaint form, and the instructions for preparing an amended complaint;

FURTHER, that in the event plaintiff fails to file an amended complaint as directed above by **September 9, 2011,** plaintiff's § 1983 claims against Wright; Vonhagn; Director of Health Services Southport; Oakes; Canefield; Weaver; Clement; Director of Health Services Lakeview; Director of Health Services Levitt; Post; and Wilcox will be dismissed, and § 1983 claims against only Weed and Obertean will proceed forward.

FURTHER, that in the event plaintiff fails to file an amended complaint as directed above by **September 9, 2011,** plaintiff's ADA and Rehabilitation Act claims will proceed solely against defendant Wright in his official capacity and will be dismissed against all other defendants;

FURTHER, that plaintiff's motion to amend the complaint (Docket No. 6) is denied as moot;

FURTHER, plaintiff's motion for appointment of counsel (Docket No. 3) is denied.

SO ORDERED.

Dated:     August ___, 2011
           Buffalo, New York

WILLIAM M. SKRETNY
Chief Judge
United States District Court

9